IN THE UNITD STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | * | |
| v. | * | Crim. No.: JKB-14-0479 |
| IRVIN VINCENT, et al | * | |
| Defendants | * | |

* * * * * * * * * * *

**MOTION TO MODIFY CONDITIONS OF PRETRIAL DETENTION AS TO MARSHALL SPENCE AND REQUEST FOR HEARING**

COMES NOW the defendant, **MARSHALL SPENCE**, and who makes of this Honorable Court the above-titled request, and as good cause for so doing states as follows:

1. That on or about June 9, 2015, the defendant, along with 13 others, was named in a 9-count indictment charging him with, among other things, violations of the Federal RICO statutes, and;

2. In the weeks following the indictment, the government has submitted to the defense reams and reams of telephone records, presumably obtained via wiretap, and in addition no fewer than 25 disks containing various other discovery information, all of which must be reviewed in painstaking detail with the defendant prior to trial, and;

3. That from approximately June 9, 2015, through approximately October 15, 2015, the defendant was housed at the Chesapeake Detention facility located in Baltimore City where counsel was regularly visiting with him, reviewing discovery and generally strategizing in anticipation of trial, and;

4. That in mid-October the defendant was suddenly and without explanation relocated from Baltimore City to the federal detention facility located in Philadelphia, Pennsylvania, the net effect of which has been to severely hamper further trial preparation, and;

5. That while counsel admits to having no knowledge on the issue, it is hard to imagine that there is no room to continue to house the defendant in Baltimore City where he can continue to adequately prepare himself for trial, and;

6. That under all of the attendant circumstances, the relocation of the defendant has resulted in the near denial of his right to counsel as well as the right to prepare a defense in this matter, and;

7. That if the authorities are unable to accommodate the defendant in his hometown and in the jurisdiction where this matter will be tried, then the most reasonable solution may be to release him on electronic monitoring so that he may enjoy adequate access to his counsel of record as his trial date nears.

WHEREORE the defendant respectfully requests that this Honorable Court shall:

A. Convene a hearing on the defendant's request, and;

B. Order that the defendant be returned to Baltimore so that he may continue to prepare for his case with no barriers to that process and, or in the alternative;

C. In the event that the local pretrial authorities are unable to accommodate his return to the area, order the release the defendant on electronic monitoring/home detention pending further proceedings in his case, and;

D. Grant the defendant such other and further relief as the nature of his cause may require.

BYLMSR | pmr

Bradley L. MacFee, Sr.
The Law Offices of Bradley L. MacFee, Sr.
218 East Lexington Street, Suite 400
Baltimore, Maryland 21202
(410) 825-5255/telephone
(410) 825-5257/facsimile

***Counsel to Marshall Spence***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of December, 2015, a copy of the foregoing *Motion to Modify Conditions of Pretrial Detention* was mailed via 1st class mail, postage prepaid to:

James Wallner, AUSA
The Office of the U.S. Attorney
for the District of Baltimore
36 S. Charles Street, 4th floor
Baltimore, Maryland 21202

BLMSR/PMR
Bradley L. MacFee, Sr.