**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
BALTIMORE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 1:14-cr-479 |
| | ) | |
| TIMOTHY HURTT | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO SUPPRESS ILLEGAL WIRETAP EVIDENCE AND INCORPORATED MEMORANDUM IN SUPPORT**

Comes now, the accused, Timothy Hurtt and moves to suppress calls illegally monitored by the government. In support of this request, Mr. Hurtt offers the following:

## BACKGROUND

Based on discovery and representations from the government, an important part of the government's case in chief will be the results of Title III wiretaps. In particular, the government has identified several statements captured by wiretaps on the phone of codefendant Michael Gray which inculpate Mr. Hurtt.[1] The government sought the wiretaps in connection with its investigation of Mr. Gray's alleged drug dealing activities.

The wiretaps in question were on the phone of codefendant Timothy Michael Gray. The documents supporting the wiretap are attached exhibits 1 and 2.

## ARGUMENT

### I. The Government Failed to Show that the Alleged Wiretaps Were Necessary

The Supreme Court has held that wiretaps are not to be "routinely employed as the initial step in a criminal investigation" but rather that the issuing court must find that

[1] Mr. Hurtt has standing to challenge the wiretaps as an "aggrieved person" under 18 U.S.C. § 2518(10)-(11).

normal investigative procedures are unlikely to succeed. *United States v. Giordano*, 416 U.S. 505, 515 (1974). The government has the burden of showing the necessity of a wiretap, "via a full and complete statement as to whether normal investigative procedures have been tried and failed or reasonably appear to be unlikely to succeed if tried or to bee too dangerous. *United States v. Wilson*, 484 F.3d 267, 281 (4th. Cir. 2007). In this case, the government's claim to have exhausted normal investigative measures before resorting to the highly intrusive wiretaps does not withstand scrutiny.

First, the wiretap affidavit claims that physical surveillance Mr. Gray was "difficult" due to conditions in Baltimore such as "narrow, closed, and dead end streets" and the fact that members of BGF took steps to avoid surveillance. Ex. 1 at 25. However, the fact that a particular surveillance technique is "difficult" is not the same thing as being "unlikely to succeed." Law enforcement is by its very nature "difficult." Moreover, the warrant affidavit itself shows the feasibility of surveillance by setting forth at least one example of where the surveillance was used successfully in this very case. *Id*. at 26 (describing surveillance of drug buy).

Next, the affidavit claims that law enforcement could not use GPS trackers because "Gray gets rides from various individuals." The affidavit does not specify how many individuals were known to give rides to Gray or why some or all of their vehicles could not be tracked by GPS. While the government may have colorable argument that resorting to wiretaps would be less time and trouble than using GPS trackers, it has not shown that GPS trackers were unlikely to succeed. Moreover, discovery productions have shown that the government in fact did use GPS tracking at a later point in the investigation.

The government's explanation of why it did not do any so-called "trash runs" is also insufficient. Although the government admits in the affidavit that trash runs "do sometimes lead to probable cause for some specific locations", it nonetheless did not use that method because, the government argues, it would provide only partial information rather than "the various roles and parties involved as a whole." *Id*. at 31. However, just because trash runs would not provide conclusive information on the entire structure of BGF does not mean they would not have provided extremely valuable evidence. The government does not explain why trash runs in connection with other methods would not have sufficed.

Because the government has not offered a sufficient explanation of why these common law enforcement techniques were abandoned in favor of the expediency of a wiretap, the evidence resulting from the wiretap should be suppressed.

**II. The Government's Wiretap Application was Not Supported by Probable Cause**

The government's probable cause for the wiretap application rested primarily on a single confidential source (CS-1) along with a prior wiretap evidence which allegedly captured conversation between Gray and others about drugs. However, upon close scrutiny it is clear that this information does not amount to probable cause.

As to the confidential source, the affidavit does not assert that the informant had provided information found to be truthful an any prior cases – despite the fact that the source "ha[d] been working with law enforcement for several years." Ex. 1 at 15. Such an informant – with several years service and no results to show for it – must be considered highly unreliable for that reason alone. However, the affidavit goes on to list further information which completely undermines the source's reliability including that

the source has prior convictions, is being paid, and is working for a sentence reduction.

The affidavit claims that the source's information was corroborated by toll records and wiretap intercepts. However, conversation excerpts set forth in the affidavit do not show a single unambiguous reference to drugs. Even taken together, this information is not sufficient to show probable cause.

## CONCLUSION

For the foregoing reasons, Mr. Hurtt requests the Court to exclude all evidence obtained as a result of the illegal wiretaps described above.

Respectfully Submitted,

By:

/s/ *Charles Burnham*

Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

I certify that this motion has been filed through the Court's CM/ECF system, which automatically sends a notice of such filing to all affected parties.

Respectfully Submitted,

By: /s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com