UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO INTERCEPT WIRE AND ELECTRONIC COMMUNICATIONS OCCURRING OVER THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER: (410) 624-6789** | **SEALED**<br><br>**MISC NO.** 13-613 |

**APPLICATION FOR AN ORDER AUTHORIZING**
**THE INTERCEPTION OF COMMUNICATIONS**

Clinton J. Fuchs, an Assistant United States Attorney for the District of Maryland and an attorney of the United States Department of Justice, being duly sworn, states as follows:

1. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an attorney authorized by law to prosecute or participate in the prosecution of all violations of federal law, including the offenses enumerated in 18 U.S.C. § 2516. I am also an "attorney for the Government" as defined in FED. R. CRIM. P. 54(c) of the Federal Rules of Criminal Procedure.

2. Pursuant to the authority vested in him by 18 U.S.C. § 2516, by Order Authorization Number 3055-2009, dated February 26, 2009, the Attorney General of the United States has specially designated appropriate officials of the Criminal Division to exercise the power conferred on him by 18 U.S.C. § 2516, to authorize applications for a court order authorizing the interception of wire or oral communications. Under the power delegated to him/her by special designation of the Attorney General, an appropriately designated official of the Criminal Division, Deputy Assistant Attorney General Kenneth Blanco, has authorized this

application. A copy of Order Number 3055-2009, dated February 26, 2009, specially designating the above officials to approve applications for court orders authorizing the interception of wire or oral communications, and a copy of those officials' memorandum of authorization approving this application are attached to this application as Exhibit A.

**The Designated Cellular Telephone**

3. This application is for an Order pursuant to 18 U.S.C. § 2518, authorizing the interception and recording of wire and electronic communications occurring over the cellular telephone assigned call number (410) 624-6789, bearing IMSI 310410649666043, subscribed to "Prepaid Customer" with a subscriber address of 17330 Preston Road, Dallas, Texas, with service provided by AT&T Wireless and used by Timothy Michael GRAY ("**TARGET TELEPHONE 2**") for a period of thirty days from the earlier of the date on which investigative or law enforcement officers begin to conduct interception under this Court's Order or ten days from the date of this Court's Order.

4. I have discussed the circumstances of this application with Special Agent Sean Regan of the Federal Bureau of Investigation ("FBI"), who has participated in the investigation herein; I have examined his affidavit submitted in support of this application, which is attached to this application as Exhibit B and incorporated by reference herein, and I therefore respectfully submit, upon information and belief, that:

**Subjects and Offenses**

5. There is probable cause to believe that **TARGET TELEPHONE 2** will be used to commit the following offenses enumerated in 18 U.S.C. § 2516:

6. Racketeering conspiracy (Racketeer Influenced and Corrupt Organizations "RICO"), in violation of 18 U.S.C. § 1962(d), more particularly defined in 18 U.S.C. § 1961, by

conspiring to conduct the affairs of an "enterprise," that is, a group of individuals associated in fact, although not a legal entity, to wit: the Subjects and others, the activities of which affect interstate and foreign commerce, through a pattern of racketeering activity consisting of violations of federal law set forth below, as well as multiple acts involving robbery in violation of Maryland Criminal Law Code Section 3-402 and the Common Law of Maryland, extortion, in violation of Maryland Criminal Law Code Section 3-701, murder in violation of Maryland Criminal Law Code Section 2-201, all of which is punishable under 18 U.S.C. § 1963;

7. Drug trafficking offenses in violation of Title 21, United States Code, Sections 841, 843, and 846

8. Firearms offenses in violation of Title 18, United States Code, Sections 922 and 924; and

9. Violent crimes in aid of racketeering in violation of Title 18, United States Code, Section 1959 (collectively, the "Specified Federal Offenses").

10. There is probable cause to believe that Rodney Valdez TERRY, Sr. aka "RT" aka "Rodney Gordon"; Angelo John CLARY, Sr.; Timothy Michael GRAY aka "Mike GRAY"; Elaine Robin TERRY; Damon Dwight ALEXANDER; Tina DORSEY; "ICE;" "TWIN;" "CHINA;" "BLACK;" "REDS;" "NEPHEW;" "TWAN;" "MOE;" an unknown male using both telephone number (443) 813-8614 and telephone number (443) 629-8828 ("UM8614"); an unknown male using telephone number (410) 905-2612 ("UM2612"); an unknown male using telephone number (443) 562-5664 ("UM5664"); an unknown male using telephone number (443) 739-6254 ("UM6254"); and others as yet unknown (collectively hereinafter "TARGET SUBJECTS"), have committed, are committing, and will continue to commit the Subject Offenses.

## Venue

11. In connection with the Service Provider, all interceptions will automatically be routed through Baltimore County, Maryland. As a result, all intercepted communications will first be heard in the District of Maryland.

## Objectives

12. There is probable cause to believe that the interception of wire and electronic communications, will reveal communications between or among the TARGET SUBJECTS and others yet unknown, including co-conspirators, accomplices, agents, suppliers, shippers, and deliverers, pertaining to the activities of the racketeering enterprise and narcotics conspiracy described herein, more particularly to include: (a) discussions concerning the structure and organization of the racketeering enterprise; (b) conversations relating to the administration and management of the enterprise; (c) conversations relating to the relationship of the enterprise with other narcotic and firearm trafficking organizations and the precise nature and scope of the illegal activities described herein; (d) discussions concerning the financing of the enterprise; (e) discussions concerning possession and use of firearms; (f) discussions concerning acts of violence committed on behalf of or for the benefit of the enterprise or its members; (g) discussions concerning the financing and distribution of controlled substances; (h) dissemination of orders and instructions to subordinates; (i) discussions relating to the controlled substances that are to be acquired, the sources of said controlled substances, the methods of payment therefore, and distribution of profits therefrom; (j) identification of the names and roles of accomplices, aiders and abettors, co-conspirators, and participants in the enterprise; (k) identification of other locations and facilities utilized in furtherance of those activities and the distribution of firearms, contraband and money utilized in and obtained by the activities,

including the existence and location of records, the location and source of resources used to finance the above-described conspiracy, and the location and disposition of the proceeds from the above-described offenses. In addition, these communications are expected to constitute admissible evidence of the commission of the offenses described above.

13. It is expected that monitoring, if authorized, will provide valuable evidence against the perpetrators of the above described offenses that cannot reasonably be obtained by other means.

**Other Investigative Procedures**

14. As set forth more fully in Exhibit B, normal investigative techniques have been tried and have failed, reasonably appear unlikely to succeed if tried, or are too dangerous to be tried.

**Prior Applications**

15. No other applications to any judge for authorization to intercept, or for approval to intercept wire, electronic or oral communications involving any of the same persons, facilities, or places specified in this application are known to the individuals authorizing and making this application except as provided in the attached affidavit.

**Requested Authorization**

WHEREFORE, I respectfully submit that probable cause exists to believe that some or all of the Target Subjects, during the period of interception applied for herein, will use **TARGET TELEPHONE 2** to communicate with each other and with others as yet unknown, in connection with the commission of the Subject Offenses. On the basis of the allegations contained in this application and on the basis of the affidavit attached as Exhibit B;

IT IS HEREBY REQUESTED that this Court issue an Order pursuant to the power conferred on it by 18 U.S.C. § 2518, authorizing Special Agents of the FBI, as well as officers of the Baltimore Police Department and other authorized investigative and law enforcement officers (hereinafter, "the Agencies"), assisted, if necessary, by authorized translators, to intercept and to record communications of the Target Subjects over **TARGET TELEPHONE 2**.

IT IS FURTHER REQUESTED that the authorization apply not only to **TARGET TELEPHONE 2**, but to any other telephone numbers subsequently assigned to or used by the instruments bearing the same IMSI number used by **TARGET TELEPHONE 2**, within the thirty-day period. The authorization is also intended to apply to **TARGET TELEPHONE 2** regardless of service provider, and to background conversations intercepted in the vicinity of the target telephone while the telephone is off the hook or otherwise in use.

IT IS FURTHER REQUESTED that the authorization for the interception of communications not automatically terminate upon the interception of the first communication described above. Instead, due to the continuing nature of the criminal activity described herein, I request that the interception of communications be permitted to continue until all communications are intercepted that fully reveal the manner in which the Target Subjects and other as yet unidentified are perpetrating the Subject Offenses – or for a period of thirty (30) days, whichever is earlier.

IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 2517(1), that the Court's Order allow the monitoring, investigative or law enforcement officers, as defined in 18 U.S.C. § 2510(7), to disclose the contents of any intercepted communications, to the extent such disclosure is appropriate to the proper performance of their official duties, to agents and officers

of the Agencies, and other investigative or law enforcement officers as defined in 18 U.S.C. § 2510(7) who are participating in this investigation.

IT IS FURTHER REQUESTED that the order be binding upon any subsequent service provider to **TARGET TELEPHONE 2** after service of a certified copy of the order without further order of the Court being required.

IT IS FURTHER REQUESTED that the Court's Order provide that the authorization to intercept communications for a period of thirty days shall include authorization to conduct interception 24 hours per day, and 7 days per week.

IT IS FURTHER REQUESTED, because of the mobility of portable cellular telephones, that the Order authorize the interception of communications that take place when **TARGET TELEPHONE 2** is located in any other jurisdiction within the United States in the event that **TARGET TELEPHONE 2** is transferred outside the District of Maryland.

IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. §§ 2703(c) and (d), that the Court issue an Order directing that the Service Provider and any other telecommunications-related carrier provide the Agencies with subscriber information (published, nonpublished or unlisted) and billing information, including the names, addresses, customer service records of the subscribers, and call records for the previous 30 days for any numbers dialed and pulsed from and to **TARGET TELEPHONE 2** during the period for which interception is authorized. The investigation described above is continuing, and there exist specific and articulable facts showing that there are reasonable grounds to believe that the information being sought is relevant and material to the ongoing investigation. For the reasons set forth above, that information is needed to help identify other Target Subjects and others involved in the Subject Offenses.

IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. §§ 2518(4) and 3122(b), the Order require the Service Provider, and any other service provider to furnish the Agencies forthwith all information, facilities and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services accorded the persons whose communications are to be intercepted (including all dial digits (including all incoming and outgoing calls), pen register information, and audio interception capability (whether the cellular telephone is in roaming mode or otherwise)), in light of the fact that the information likely to be obtained from the pen register and trap and trace device is relevant to an ongoing criminal investigation being conducted by the Agencies in connection with possible violations of federal criminal offenses, the furnishing of such facilities or technical assistance to be compensated by the FBI for reasonable expenses incurred.

**Location Information**

IT IS FURTHER REQUESTED, under 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2), 2703(d), and 3121 *et seq.*, the government having set forth specific and articulable facts showing that there are reasonable grounds to believe that historical location information will be relevant and material to an ongoing criminal investigation, that the Order direct the Service Provider to provide originating and terminating GPS or cell site information for **TARGET TELEPHONE 2** and provide the tracing operation and use of caller ID service without geographical limits.

IT IS FURTHER REQUESTED, pursuant to FED. R. CRIM. P. 41, that the Court issue an Order directing the Service Provider to assist agents of the Agencies by providing all information, facilities and technical assistance needed to ascertain the physical location of **TARGET TELEPHONE 2**, including but not limited to data indicating the specific latitude and longitude of (or other precise location information concerning) **TARGET TELEPHONE 2** (the

"Requested Location Information"), for an additional period of thirty days. As explained in more detail in the Affidavit, there is probable cause to believe that the location of **TARGET TELEPHONE 2** at times determined by investigators will constitute or lead to evidence of the Subject Offenses. In light of the above, the government requests that this Court direct the Service Provider to disclose the Requested Location Information concerning **TARGET TELEPHONE 2**, and to initiate a signal to determine the location of **TARGET TELEPHONE 2** on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of **TARGET TELEPHONE 2**, at any time of day or night, owing to the potential need to locate **TARGET TELEPHONE 2** outside of daytime hours.

IT IS FURTHER REQUESTED that, to avoid prejudice to this criminal investigation, the Court order that the Service Provider, and any other Service Provider, and their agents and employees, shall not disclose or cause the disclosure of the Order, the interception that it authorizes, the request for information, facilities, and assistance to the Agencies, or the existence of the investigation to any person other than those of its agents and employees who require said information to accomplish the interception of communications hereby ordered, and that, in particular, the Service Provider, and any other service provider, and their agents and employees, shall in no event make such disclosure to the telephone users involved, to any lessee or subscriber, or to any actual or potential interceptee.

**Minimization**

IT IS FURTHER REQUESTED that the Order require its execution as soon as practicable after it is signed and that the Order require (1) that all interceptions shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under 18 U.S.C. § 2510, *et seq*., with special attention given to privileged communications, and (2) that interceptions pursuant to the Court's Order must terminate upon attainment of the authorized objectives, or in any event, at the end of thirty (30) days. If an interception is minimized, agents shall spot check to insure that the conversation has not turned to criminal matters. Each text message will be reviewed over a secure system, and based on the identities of the sender and recipient and the content of the message, monitoring personnel will determine as soon as practicable after interception whether the text message appears to be relevant to the investigation or otherwise criminal in nature. If the message is not criminal in nature, the message will be marked "minimized" and not accessed by other members of the investigative team. If the message appears to be privileged, it will be marked "privileged" and secured from access by other members of the investigative team. If a text message appears to be relevant to the investigation or otherwise criminal in nature, it will be marked "non-minimized" and may be shared with the other agents and monitors involved in the investigation. If a text message is marked "minimized" or "privileged," it will not be disseminated to members of the investigative team. All intercepted text messages will be sealed with the court upon the expiration of the court's order authorizing the interception.

IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 2518(5), that government personnel or other individuals operating under a contract with the government and acting under the supervision of investigative or law enforcement officers be authorized to conduct the

interceptions, to assist in conducting this electronic surveillance, and to receive disclosure of intercepted communications.

**Progress Reports**

IT IS FURTHER REQUESTED that Assistant United States Attorney Clinton J. Fuchs, James T. Wallner or any other Assistant United States Attorney familiar with the facts of this case be ordered to cause to be provided to the Court a report on or about the fifteenth and thirtieth days following the date of the Order or the date interception begins, whichever is later, showing what progress has been made toward the achievement of the authorized objectives and the need for continued interception, except that, if application is made to extend this Order, such renewal application shall constitute the thirtieth day report. If any such reports become due on weekends or holidays, they should become due on or about the next business day thereafter.

**Warrant Return**

IT IS FURTHER REQUESTED that no inventory or return of the results of the foregoing surveillance and interception need be made, other than the above-required reports, before ninety days from the date of the expiration of the Order, or any extension of the Order, or at such time as the Court in its discretion may require.

IT IS FURTHER REQUESTED that no notice of the Requested Location Information be made until such time as the inventory or return of the foregoing surveillance and interception be made, or at such time as the Court in its discretion may require.

IT IS FURTHER REQUESTED that the warrant for the Requested Location Information be returned to the issuing judicial officer within 10 days after the termination of the execution of the order.

IT IS FURTHER REQUESTED that, upon an ex parte showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

**Sealing**

IT IS FURTHER REQUESTED that the Court order that this application, the accompanying affidavit, the Court's Orders authorizing the interception of communications, and all interim reports filed with the Court with regard to this matter be sealed until further order of the Court, except that copies of the Orders, in full or redacted form, may be served on the Agencies and other participants in the investigation and the Service Provider as necessary to effectuate the Orders. It is further requested that the Court direct that three certified copies of its Orders be supplied to the Office of the United States Attorney.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Clinton J. Fuchs
Assistant United States Attorney

Subscribed and sworn to before me this 20th day of December 2013

9:03am
TIME

The Honorable George L. Russell, III
UNITED STATES DISTRICT JUDGE

I hereby attest and certify on 12-20-13 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By __________ Deputy

**U.S. Department of Justice**

Criminal Division

*Washington, D.C. 20530*

DEC 19 2013

**MEMORANDUM**

TO: Monique Perez Roth, Director
Office of Enforcement Operations
Criminal Division

ATTN: Clinton Fuchs

FROM: Mythili Raman
Acting Assistant Attorney General
Criminal Division

SUBJECT: Authorization for Interception Order Application

This is with regard to your recommendation that an appropriately designated official of the Criminal Division authorize an application to a federal judge of competent jurisdiction for an order under Title 18, United States Code, Section 2518, authorizing for a thirty (30) day period the continued interception of wire communications occurring to and from the cellular telephone bearing the number (410) 624-6789, subscribed to by Prepaid Customer, 17330 Preston Road, Dallas, Texas, and accessed through International Mobile Subscriber Identity ("IMSI") number 310410649666043, in connection with an investigation into possible violations of Title 21, United States Code, Sections 841, 843, and 846, and Title 18, United States Code, Sections 922, 924, 1959, 1961, 1962, and 1963, by Rodney Valdez Terry, Sr., Angelo John Clary, Sr., Timothy Michael Gray, Elaine Robin Terry, Damon Dwight Alexander, Tina Dorsey, "Ice," "Twin," "China," "Black," "Reds," "Nephew," "Twan," "Moe," "UM8614," "UM2612," "UM5664," "UM6254," and others yet unknown.

By virtue of the authority vested in the Attorney General of the United States by Section 2516 of Title 18, United States Code, the Attorney General has by Order Number 3055-2009, dated February 26, 2009, designated specific officials in the Criminal

Division to authorize applications for court orders authorizing the interception of wire or oral communications. As a duly designated official in the Criminal Division, this power is exercisable by the undersigned. WHEREFORE, acting under this delegated power, the appropriately designated official authorizes the above-described application to be made by any investigative or law enforcement officer of the United States as defined in Section 2510(7) of Title 18, United States Code.

The authorization given is intended to apply not only to the target telephone number listed above, but also to any other telephone number or telephone accessed through the above-referenced IMSI number, and to any other IMSI number accessed through the target telephone number referenced above, within the thirty day period. The authorization is also intended to apply to the target telephone number referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephone while the telephone is off the hook or otherwise in use.

Mythili Raman
Acting Assistant Attorney General
Criminal Division

DEC 19 2013

Date

Kenneth A. Blanco

KENNETH A. BLANCO
DEPUTY ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

# Office of the Attorney General
Washington, D.C.

ORDER NO. 3055-2009

## SPECIAL DESIGNATION OF CERTAIN OFFICIALS OF THE CRIMINAL DIVISION AND NATIONAL SECURITY DIVISION TO AUTHORIZE APPLICATIONS FOR COURT ORDERS FOR INTERCEPTION OF WIRE OR ORAL COMMUNICATIONS

By virtue of the authority vested in me as the Attorney General, including 28 U.S.C. § 510, 5 U.S.C. § 301, and 18 U.S.C. § 2516(1), and in order to preclude any contention that the designations by the prior Attorney General have lapsed, the following officials are hereby specially designated to exercise the power conferred by section 2516(1) of title 18, United States Code, to authorize applications to a Federal judge of competent jurisdiction for orders authorizing or approving the interception of wire and oral communications by the Federal Bureau of Investigation or a Federal agency having responsibility for the investigation of the offense(s) as to which such application is made, when such interception may provide evidence of any of the offenses specified in section 2516 of title 18, United States Code:

1. The Assistant Attorney General in charge of the Criminal Division, any Acting Assistant Attorney General in charge of the Criminal Division, any Deputy Assistant Attorney General of the Criminal Division, and any Acting Deputy Assistant Attorney General of the Criminal Division;

2. The Assistant Attorney General for National Security, any Acting Assistant Attorney General for National Security, any Deputy Assistant Attorney General for National Security, and any Acting Deputy Assistant Attorney General for National Security, with respect to those matters delegated to the supervision and responsibility of the Assistant Attorney General for National Security. These officials of the National Security Division shall exercise this authority through, and in full coordination with, the Office of Enforcement Operations within the Criminal Division.

Attorney General Order No. 2943-2008 of January 22, 2008, is revoked effective at 11:59 p.m. of the day following the date of this order.

2-26-09
Date

Eric H. Holder, Jr.
Attorney General

W2-0015