**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. WDQ-14-479 |
| | ) | |
| TIMOTHY GRAY, et al. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO EXCLUDE EXPERT TESTIMONY

## INTRODUCTION

In response to Mr. Hurtt's motion to exclude expert testimony, the government has provided additional information about the opinions it plans to elicit from its expert witnesses. However, as explained below, this additional information only serves to make the case for exclusion stronger.

As to Agent James, the government has provided a thirty-page list of Title III call "interpretations" but does not specify which will be offered by Agent James as opposed to lay witnesses. For those (as yet undisclosed) calls where Agent James will provide the interpretation, the government has not provided the basis for the interpretation.

The government's supplemental disclosure for gang expert Det. Smith makes clear that it intends so use his testimony as a "short cut" to prove the racketeering enterprise element, which should be proved by traditional evidence.

As explained further below, the Court should exclude the government's proposed expert testimony.

## BACKGROUND

In his original motion, Mr. Hurtt argued that expert testimony from SA Mark James was not admissible because the government had failed to make a sufficient Rule 16 disclosure of the agent's opinions and the reasons and bases therefore. In particular, Mr. Hurtt argued that the government had not disclosed what Agent James' opinions about alleged coded language in Title III calls would be, and the basis for those opinions.

In it's response, the government states that:

> On April 15, 2016, the Government provided to the defendants an extensive list of the intercepted calls that the Government intends to use at trial. In addition to identifying the calls, the Government provided James's interpretation of those calls, as well as his basis of knowledge for the interpretation in a summary form.

Gov't Resp. at 6. The list of calls itself is attached as Exhibit 1. The "basis of knowledge for the interpretation in a summary form" refers to an email from government counsel which stated, in relevant part that:

> SA James bases his interpretation of the calls on his prior experience investigating gang and drug cases (noted in his CV), including knowledge from his review of over 10,000 calls in this case.

April 15, 2016 email from government (producible upon request). These supplemental disclosures are not sufficient to cure the problems identified in Mr. Hurtt's motion, as explained below.

## ARGUMENT

### I. The Government's Rule 16 Notice for SA Mark James Remains Insufficient

#### a. The Government Has Not Made a Proper Disclosure of Agent James' Expert Opinions

The government's supplemental disclosure as to SA Mark James fails to disclose

the opinios Agent James will offer. The spreadsheet of calls purports to disclose "James's interpretation of those calls" (Gov't Resp. at 6), which presumably refers to the parenthetical interpretations included in the "Explanation" box of the government's spreadsheet. However, the government goes on to state that the proffered interpretations may not be offered by Agent James at all, but rather by a participant in the call, or even by a lay witness who was not on the call (Gov't Resp. at 6-7), leaving Mr. Hurtt to guess which "interpretations" will come from Agent James. The government has therefore failed to designate Agent James' opinions under Rule 16.

Moreover, the government's failure to specify which call interpretations will be provided by Agent James and which will be provided by lay witnesses is not a mere technicality. It is a serious failure which completely thwarts purposes of the Rule 16 notice requirement. For example, the government has disclosed that some unidentified person will supposedly testify that Mr. Hurtt's statement that he needs to paint a house really means that "Hurtt is planning to do something in the morning which will require a gun." Ex. 1 at 5. The government has not disclosed whether Agent James will testify that "painting a house" is slang for using weapons (and if so, how he knows that), whether the other alleged participant in this call will testify that that was his understanding, or whether an unidentified lay witness will somehow claim to know that Mr. Hurtt was referring to a firearm. This woefully insufficient disclosure leaves Mr. Hurtt in the dark as to whether he must consult his own expert to determine if "house painting" is gang slang for guns, or whether to prepare to cross-examine a lay witness on that point.

**b. To the extent Agent James' expert opinions have been disclosed, the government has failed to provide notice of the bases for those opinions**

In addition to notice of the opinions that expert witnesses will offer, Rule 16 requires notice of the basis for those opinions. *United States v. McLean*, 715 F.3d 129, 143 (4th Cir. 2013)(expert notice insufficient where it merely stated "the conclusion [the expert had reached] and did not give the reasons for those opinions."). As argued above, the government has not clearly disclosed Agent James' opinions. However, to the extent the government's supplemental disclosure provides any information about those opinions, it fails to provide the bases.

As referenced above, instead of specifying the basis for Agent James' opinions, as required by the rule, the government merely stated that his opinions would be based on the experience set forth in his CV (which covers almost 20 years in law enforcement) or his monitoring of over 10,000 calls from this specific case. The government does not specify which call interpretations are based on case evidence and which are based on his general knowledge of the drug and gang culture.

The government's failure to specify the bases for Agent James' opinion compounds the problem already created by the government's failure to specify which interpretations will come from James and which will come from lay witnesses. Without knowing which opinions will be offered from Agent James and, from among those, which are based on case evidence and which are based on past cases, Mr. Hurtt is unable to prepare to exercise his confrontation rights with respect to Agent James.

Mr. Hurtt submits that the government should have not only specified which call interpretations will come from Agent James, but also given notice of which

interpretations are based on Agent James' past experience and which are based on evidence in this case.

**II. Proffered Expert Testimony from Det. Philip Smith is Not Admissible**

In his original motion, Mr. Hurtt argues that Det. Smith's testimony should not be admitted because it will invade the province of the jury, relying on *United States v. Cerna*, 2010 U.S. Dist. LEXIS at *21-28 (N.D. Cal.). In response, the government claims that the Fourth Circuit has "routinely admitted expert testimony of this nature in racketeering trials." Gov't Resp. at 3. However, the cases the government relies on do not support that assertion.

The only published Fourth Circuit case cited by the government is *United States v. Palacios*, 677 F.3d 234 (4th Cir. 2012). However, that case involved a defendant's argument that a gang expert's reliance on testimonial hearsay violated the defendant's confrontation clause rights. The *Palacios* court did not consider the argument that Mr. Hurtt presents here – that the proferred gang expert testimony is inadmissible under Rules 702 and 403 because it invades the province of the jury. Indeed, the government itself has implicitly admitted this distinction, stating in its response that Palacios held that gang expert testimony was admissible "under the Confrontation Clause."[1] Gov't Resp. at 4. *Palacios* is therefore not controlling.

The other two opinions cited by the government are unpublished and therefore not controlling on this court. In any case, neither opinion is on point. *Perez Amaya*, like *Palacios*, involved a confrontation challenge to the government's expert testimony. 453

[1] To be clear, Mr. Hurtt is not conceding that there are no confrontation clause issue presented by the testimony of Det. Smith or the government's other experts. However, Mr. Hurtt's pretrial challenge to Det. Smith's testimony did not rely on the confrontation clause.

Fed. Appx. At 305-06. *Thomas* involved both a confrontation challenge and an argument that the proffered gang expert's credentials were not sufficient. Neither case involved the argument advanced by Mr. Hurtt, so they are not even persuasive authority on the issue.

As the government implicitly acknowledges in its discussion of the Second Circuit's *Mejia* case, the use of "gang experts" as a substitute for traditional evidence has been both problematic and controversial. Gov't Resp. at 5. As the district judge in *Cerna* stated:

> No on should be convicted and sent to prison based on an opinion of a police officer that an element of an offense was committed when that element is amenable to ordinary fact proof…[t]he gang's existence, organization and history should, therefore, be proven through undercover officers, cooperating witness, admissions by defendants, co-conspirator statements, physical evidence, documents, videos and photographs, wiretaps and recordings.

*Cerna*, 2010 U.S. Dist. LEXIS 62907 *21-22 (italics omitted).

For the foregoing reasons, Mr. Hurtt asks the Court to hold that the proffered testimony from Det. Smith is inadmissible.

## III. Additional Prejudice Caused by Deficiencies in the Government's Rule 16 Disclosures

In addition to the issues discussed above, the government's additional Rule 16 disclosures suggest numerous problems with the government's case which could not be addressed before the Court's in limine motions deadline. The government's proposed call interpretations appear subject to objections under Rule 702, 703, 403 or *Daubert*. Even if the government had disclosed these interpretations/opinions prior to the motions deadline, Mr. Hurtt would be hard pressed to raise appropriate objections without knowing which interpretations will come through expert testimony.

Moreover, Mr. Hurtt finds the government's announced intention to offer testimony

about the meaning of calls through lay witnesses who were not participants in the conversations to be highly dubious. However, without notice of which calls the government plans to prove in this manner as opposed to via expert testimony, Mr. Hurtt is unable to litigate this issue pretrial. The result will likely be numerous objections, sidebars, and argument during trial which will delay the proceedings and increase the risk of mistrial.

This additional prejudice to Mr. Hurtt caused by the government's incomplete and/or late Rule 16 disclosures provides additional support for the requested relief of exclusion.

## CONCLUSION

For the foregoing reasons, Mr. Hurtt requests that the Court exclude the proffered evidence.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1724 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com

## CERTIFICATE OF SERVICE

I certify that this pleading has been served on all parties through this Court's ecf system.

Respectfully Submitted,

By: /s/ *Charles Burnham*

Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com